THIGPEN, Judge.
This case involves a complaint to quiet title and a counterclaim to redeem.
Faye Pritchett Geier and Jack W. Geier (the Geiers) filed a complaint against Charles Smallwood, Gene Sutley, and any other interested parties (Smallwood and Sutley), to quiet title to a parcel of real property located in Calhoun County. The Geiers alleged that they had received title to the property by deed in 1984, and that a predecessor in title had purchased the property at a tax sale in 1976. They requested the trial court to declare that they had fee simple title and to declare that no other party has any interest in the property. Smallwood and Sutley eventually filed a motion to redeem the property, pursuant to Ala.Code 1975, § 40-10-83. Following ore tenus proceedings, the trial court awarded a monetary judgment against Smallwood and Sutley and in favor of the Geiers, ordered Smallwood and Sutley to pay attorney fees, ruled that Smallwood and Sut-ley had fee simple title to the property, and allowed them to redeem the property. Post-judgment motions were denied by operation of law. Hence, this appeal.
The dispositive issue raised on appeal by the Geiers is whether the trial court erred in allowing Smallwood and Sutley to redeem the property.
The record reveals that prior to 1976, Herschel and Louise Hughes owned the property. In 1976, Lucile Brunhaver pm-chased the property at a tax sale; however, a tax deed has never been issued for the property. In 1988, Brunhaver’s heirs deeded the property to Roberta Gray, who subsequently deeded the property to the Geiers in 1984. These transactions were recorded. The record further reveals that in 1987, Louise Hughes and Dorothy Mae Hughes, as sole heirs of Herschel Hughes, issued a quitclaim deed to Smallwood, who conveyed an interest in the property by quitclaim deed to Sutley a few weeks later. These transactions were also recorded.
The Geiers contend that the trial court erred in allowing Smallwood and Sutley to redeem the property 12 years after the tax sale. Ala.Code 1975, § 40-10-120, states that real property which has been sold for taxes may be redeemed within 3 years from the date of the tax sale. The date of the tax sale is the date of the final act of the sale, i.e., the date of the probate judge’s issuance of a tax deed. Van Meter v. Grice, 380 So.2d 274 (Ala.1980). Additionally, the right of redemption is lost by the purchaser’s “continuous adverse possession” of the property for 3 years following the date the purchaser obtains the right to receive a tax deed, or following the purchaser's actual receipt of a tax deed. Van Meter at 278.
*756 No tax deed was ever issued to the Geiers, or to their predecessors, and the record contains no evidence that the Geiers or their predecessors exercised continuous adverse possession for the requisite time period. In fact, the trial court found that neither the Geiers nor their predecessors exercised sufficient possession over the property to defeat Smallwood and Sutlers right of redemption. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result only.